IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| CHAD MICHAEL GIBNEY, | Cause No. CV 26-15-GF-DLC |
| Petitioner, | ORDER |
| vs. | |
| SHERIFF JESSE SLAUGHTER, | |
| Respondent. | |

This matter comes before the Court on a request for habeas corpus relief pursuant to 28 U.S.C. §2241, submitted by Petitioner Chad Michael Gibney ("Gibney"). (Doc. 1.) Gibney challenges a federal sentence imposed by Chief Judge Morris on January 7, 2026. (*Id.* at 1.) Gibney asserts the Bureau of Prisons ("BOP") has miscalculated his sentence and believes he is entitled to immediate release. (*Id.*)

Gibney was granted leave to proceed in forma pauperis and was directed to file an amended petition utilizing the Court's standard form. (Doc. 4.) Gibney complied by filing an amended petition and supplement. (Doc. 6 & 7.)

1

As stated above, Gibney was sentenced in his criminal matter, *USA v. Gibney*, Cause No. CV-24-cr-08-GF-BMM, earlier this year.  Gibney received a 24-month sentence, to be served consecutively with a prior federal matter, *USA v. Gibney*, CR 23-59-GF-BMM, and Cascade County District Court Cause No. DC 2024-807, to be followed by 3 years of supervised release.  *See, USA v. Gibney*, Cause No. CV-24-cr-08-GF-BMM, Judg. (D. Mont. Jan. 8, 2026).

In the present petition, Gibney challenges the manner in which the BOP has calculated his sentence. Specifically, he contends that he is not receiving the correct sentence computation time.  (Doc. 7 at 7.)  Gibney believes that he should be credited for time spent on a federal hold from August 2, 2023 to July 22, 2024, as well as time following his arrest on November 28, 2024, to his sentencing date of January 7, 2026.  (*Id*.)  He asks this Court to properly compute the amount of time that he has been incarcerated and count it as time served against his sentence. (*Id*. at 8.)  Gibney does not explain any steps he has taken within the BOP to request an award of credit for this time or exhaust his administrative remedies.  *See generally*, (*Id*. at 3-9)

Under 28 U.S.C. § 2241, a district court may grant habeas relief to a federal prisoner who is in custody in violation of federal law.  A petition challenging the manner, location, or conditions of a sentence's execution is brought under § 2241 in the custodial court. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir.

2000). The BOP's calculation of sentencing credit is an issue pertaining to the execution of a sentence which a habeas petitioner may challenge through such a petition. *See Zavala v. Ives*, 785 F.3d 367, 370 n.3 (9th Cir. 2015)("BOP, rather than the sentencing court, calculates the defendant's entitlement to sentencing credit under [18 U.S.C.[ § 3585(b) in the first instance."). Jurisdiction over a § 2241 petition lies in the district of the prisoner's confinement. *Hernandez*, 204 F. 3d at 864.

Because Gibney is presently incarcerated at FCI Sheridan in Sheridan, Oregon, this Court lacks jurisdiction over his § 2241 petition. This matter will be dismissed. Should Gibney wish to proceed, he should refile a § 2241 petition in the Federal District of Oregon.

Gibney is a federal prisoner bringing a § 2241 petition, therefore, a certificate of appealability is not required. *See Harrison v. Ollison*, 519 F. 3d 952, 958 (9th Cir. 2008)("The plain language of [28 U.S.C.] § 2253(c)(1) does not require a petitioner to obtain a COA in order to appeal the denial of a § 2241 petition.").

Accordingly, the Court enters the following:

## ORDER

1. This matter is dismissed for lack of jurisdiction.

2. The Clerk of Court is directed to close this matter and enter judgment

pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DATED this 2nd  day of April, 2026.

>               /s/ Dana L. Christensen
>               Dana L. Christensen
>               United States District Court Judge